UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRIARCH PARTNERS AGENCY
SERVICES, LLC,

               Plaintiff,

  - v -

ZOHAR CDO 2003-1, LTD., ZOHAR CDO 2003-1, LLC, ZOHAR II 2005-1, LTD., ZOHAR II 2005-1, LLC, ZOHAR III, LTD., ZOHAR III, LLC, ALVAREZ & MARSAL ZOHAR MANAGEMENT, LLC, and ALVAREZ & MARSAL ZOHAR AGENCY SERVICES, LLC,

               Defendants.
------------------------------------------------------------x

No. 16 Civ. 04488 (VM) (KHP)

**AMENDED COMPLAINT**

Plaintiff Patriarch Partners Agency Services, LLC ("PPAS" or "Plaintiff"), by its attorneys, Gibson, Dunn & Crutcher LLP, as and for its complaint against Defendants Zohar CDO 2003-I, Ltd., Zohar CDO 2003-1, LLC, Zohar II 2005-1, Ltd., Zohar II 2005-1, LLC, Zohar III, Ltd., Zohar III, LLC (collectively, the "Zohar Funds"), Alvarez & Marsal Zohar Management, LLC ("A&M"), and Alvarez & Marsal Zohar Agency Services, LLC ("AMZAS"), alleges as follows:

### SUMMARY OF THE ACTION

1. This is an action for breach of contract, tortious interference with contract, and declaratory relief arising out of the Zohar Funds' purported termination of PPAS as Administrative Agent under various credit agreements (the "Credit Agreements").

2. Under the Credit Agreements, PPAS was irrevocably appointed as Administrative Agent.


3. In violation of the Credit Agreements, on June 14, 2016, the Zohar Funds, by their collateral manager, A&M, purported to terminate PPAS as Administrative Agent, effective June 17, 2016.

4. That purported termination was in direct violation of the relevant Credit Agreements, and accordingly must be declared null and void by this Court.

5. Since that purported termination, AMZAS repeatedly and improperly has sought to hold itself out as Administrative Agent, including by contacting the Borrowers under the Credit Agreements, falsely representing that AMZAS is the authorized Administrative Agent, and demanding that payments under the Credit Agreements be remitted to AMZAS.

## PARTIES TO THIS ACTION

6. Plaintiff PPAS is a Delaware limited liability company with its principal place of business in New York, New York. Its sole member is LD Investments, LLC ("LDI"), a Delaware limited liability company. LDI's sole member is Lynn Tilton, a citizen of Florida.

7. Defendant Zohar I CDO 2003-1, LLC is a Delaware limited liability company with its principal place of business in New York.

8. Defendant Zohar CDO 2003-1, Ltd. (together with Zohar I CDO 2003-1, LLC, "Zohar I"), is a Cayman Islands limited company with its principal place of business in New York.

9. Defendant Zohar II 2005-1, LLC is a Delaware limited liability company with its principal place of business in New York.

10. Defendant Zohar II 2005-I, Ltd. (together with Zohar II 2005-1, LLC, "Zohar II") is a Cayman Islands limited company with its principal place of business in New York.

11. Defendant Zohar III, LLC is a Delaware limited liability company with its principal place of business in New York.

12. Defendant Zohar III, Ltd. (together with Zohar III, LLC, "Zohar III") is a Cayman Islands limited company with its principal place of business in New York.

13. Defendant A&M is a Delaware limited liability company with its principal place of business in New York.

14. Defendant AMZAS is a Delaware limited liability company with its principal place of business in New York.

15. This is a civil action for money damages and declaratory relief brought on behalf of PPAS, arising out of the Zohar Funds' breaches of the Credit Agreements, made at the direction of A&M and AMZAS, and actual controversies regarding PPAS's continued status as Administrative Agent under the Credit Agreements.

16. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there exists complete diversity between PPAS, a citizen of Florida, and the Zohar Funds, A&M, and AMZAS, citizens of Delaware and Cayman Islands and/or New York.

17. Personal jurisdiction over the Zohar Funds, A&M, and AMZAS is proper in that they have their principal places of business in this District.

18. This case presents an "actual controversy" within the meaning of 28 U.S.C. § 2201(a).

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), (b), and (c).

## BACKGROUND ALLEGATIONS

20.     PPAS serves as Administrative Agent to the Zohar Funds under various Credit Agreements.

21.     Under the Credit Agreements, PPAS's appointment as Administrative Agent is irrevocable.

22.     On June 14, 2016, the Zohar Funds sent letters to PPAS purporting to terminate PPAS as the Administrative Agent under thirty-eight separate Credit Agreements, effective June 17, 2016.

23.     The Zohar Funds have no authority to terminate PPAS as Administrative Agent. The Credit Agreements explicitly state "PPAS is hereby irrevocably appointed the [Administrative] Agent hereunder . . . ."

24.     The June 14, 2016 letters also purport to notify PPAS that AMZAS, an entity A&M formed in anticipation of its efforts to remove PPAS as Administrative Agent, would serve as successor Administrative Agent (or sub-agent to the successor Administrative Agent) to PPAS.

25.     A&M and AMZAS caused the Zohar Funds to send PPAS the June 14, 2016 letters, and A&M executed the letters on the Zohar Funds' behalf.  Upon information and belief, A&M and AMZAS caused the Zohar Funds to take this action for their own benefit.

26.     Since that purported termination, AMZAS repeatedly and improperly has sought to hold itself out as Administrative Agent, including by contacting the Borrowers under the Credit Agreements, falsely representing that AMZAS is the authorized Administrative Agent, and demanding that payments under the Credit Agreements be remitted to AMZAS.

## COUNT I

**Declaratory Judgment (as against the Zohar Funds)**

27. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 26 above as though set forth fully herein.

28. Title 28 of the United States Code, Section 2201, creates the remedy for declaratory relief and provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

29. An actual controversy exists between PPAS and the Zohar Funds.

30. This Court can afford complete relief to the parties by declaring their respective rights and other legal relations, including declaring that the purported termination of PPAS's administrative agency is null and void and of no effect, and that PPAS remains Administrative Agent under the relevant Credit Agreements.

## COUNT II

**Breach of Contract of the Credit Agreements (as against the Zohar Funds)**

31. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 30 above as though set forth fully herein.

32. Under the Credit Agreements, which PPAS entered into for consideration, the Zohar Funds irrevocably appoint PPAS as their Administrative Agent.

33. Each of the Credit Agreements is an enforceable contract.

34. The Zohar Funds' purported termination of PPAS as the Administrative Agent under the Credit Agreements, appointment of a successor Administrative Agent, and direction to

PPAS to immediately cease acting as Administrative Agent constitute a breach of the Credit Agreements.

35. As a direct and proximate result of the Zohar Funds' breach of the Credit Agreements, PPAS has suffered damages, and is continuing to suffer damages, and is entitled to relief in an amount to be determined at trial, but not less than $10,000,000, plus interest.

## COUNT III

### Tortious Interference with Contract (as against A&M and AMZAS)

36. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 35 above as though set forth fully herein.

37. Each of the Credit Agreements is an enforceable contract. In each, the Zohar Funds irrevocably appoint PPAS as their Administrative Agent.

38. The Zohar Funds' purported termination of PPAS as the Administrative Agent under the Credit Agreements, appointment of AMZAS as successor Administrative Agent, and direction to PPAS to immediately cease acting as Administrative Agent constitute a breach of the Credit Agreements.

39. A&M and AMZAS caused the Zohar Funds to breach the Credit Agreements for their own benefit.

40. A&M and AMZAS improperly continue to claim that AMZAS is the Administrative Agent under the Credit Agreements.

41. As a direct and proximate result of A&M and AMZAS's conduct, PPAS has suffered damages, and is continuing to suffer damages, and is entitled to relief in an amount to be determined at trial, but not less than $10,000,000, plus interest.

**WHEREFORE,** PPAS respectfully requests that this Court enter judgment as follows:

A. Declaring that the purported termination of PPAS's administrative agency is null and void and of no effect and that PPAS remains Administrative Agent;

B. Awarding PPAS damages as appropriate for harm suffered as a result of the Zohar Funds', A&M's, and AMZAS's wrongdoing in an exact amount to be proven at trial, but no less than $10,000,000, plus interest;

C. Declaring that the Zohar Funds are in breach of the Credit Agreements;

D. Enjoining the Zohar Funds from terminating PPAS as the Administrative Agent under the Credit Agreements;

E. Enjoining AMZAS from attempting to act as Administrative Agent under the Credit Agreements; and

F. Awarding PPAS such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 12, 2017

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Mark A. Kirsch
Mark A. Kirsch
Randy M. Mastro
Lawrence J. Zweifach
Christopher M. Joralemon
Laura K. O'Boyle

200 Park Avenue
New York, NY  10166-0193
212.351.4000

*Attorneys for Plaintiff*