UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRIARCH PARTNERS AGENCY
SERVICES, LLC,

        Plaintiff- Counterclaim-
        Defendant,

v.

ZOHAR CDO 2003-1, LTD., ZOHAR II
2005-1, LTD., AND ZOHAR III, LTD, and
ALVAREZ & MARSAL ZOHAR AGENCY
SERVICES, LLC,

        Defendants-
        Counterclaim-Plaintiffs,

v.

ZOHAR CDO 2003-1, LLC, ZOHAR II 2005-
1, LLC, ZOHAR III, LLC, AND ALVAREZ
& MARSAL ZOHAR MANAGEMENT,
LLC, and ALVAREZ & MARSAL ZOHAR
AGENCY SERVICES, LLC,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/17

16 Civ. 4488 (VM) (KHP)

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

*[Handwritten note: The TRO is denied without prejudice to prompt consideration of an application for preliminary injunctive relief before Judge Marrero which will be conducted on or before October 27, 2017. So ordered.]*

10/19/2017

Upon the Declaration of Jonathan E. Pickhardt, dated October 19, 2017, and Defendants-Counterclaim-Plaintiffs Zohar CDO 2003-1 Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd.'s (collectively, the "Zohar Funds") Memorandum Of Law In Support Of Defendants-Counterclaim-Plaintiffs' (i) Application For A Temporary Restraining Order And Preliminary Injunction, dated October 19, 2017 (the "Application") and (ii) Motion For Leave To Amend, it is hereby

ORDERED, that Plaintiff-Counterclaim-Defendant Patriarch Partners Agency Services, LLC ("PPAS"), show cause before a motion term of this Court to be held, at Court Room 11B, at the U.S. Courthouse, 500 Pearl Street, New York, New York, 10007, at

1

_____ a.m./p.m., why an order should not be issued pursuant to Federal Rule of Civil Procedure 65 granting a preliminary injunction requiring that (1) PPAS refrain from distributing any funds in its possession received from, or held for the benefit of, the Subject Portfolio Companies (as defined in the Zohar Funds' Memorandum of Law) without the written consent of the Zohar Funds, and (2) during the pendency of this litigation, PPAS provide weekly reports to the Zohar Funds consisting of the most recent daily reconciliation spreadsheets (as identified by Patriarch Controller, Carlos Mercado, during his October 13, 2017 deposition, see Mercado Tr. 28:23-29:8, 41:15-20, 47:6-49:19) reflecting the amount of funds held by PPAS in respect of the Portfolio Companies to which the Zohar Funds are Lenders;

AND IT IS FURTHER ORDERED that, sufficient reason having been shown therefor, pending the hearing of this Application, pursuant to Rule 65 of the Federal Rules of Civil Procedure, PPAS and its agents, assigns, or anyone acting on its behalf is temporarily restrained and enjoined from distributing any funds of the Subject Portfolio Companies currently held in PPAS's accounts;

AND IT IS FURTHER ORDERED that any papers responding to the Application and Motion be served and filed on or before _____, 2017, and that any reply papers in further support of the Application and Motion be served and filed on or before _____, 2017;

AND IT IS FURTHER ORDERED that, consistent with Paragraph 11 of the Stipulation and Protective Order entered in this case, see ECF No. 76, the parties will follow the procedures with respect to filing under seal set forth in Magistrate Judge Parker's Individual Practices In Civil Cases § III(e), and (1) discuss, in good faith, the need to file Confidential Materials under seal, and (2) confer and jointly submit a letter request on or before

_____, 2017, explaining the reasons for seeking to file that submission under seal addressing the Court of Appeals' opinions in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006), and <u>Bernstein v. Bernstein Litowitz Berger & Grossman LLP</u>, 814 F.3d 132 (2d Cir. 2016).

AND IT IS FURTHER ORDERED that PPAS produce to the Zohar Funds within three (3) business days the daily reconciliation spreadsheets identified by Patriarch Controller, Carlos Mercado, during his October 13, 2017 deposition, for the period from January 2016 to the present.

AND IT IS FURTHER ORDERED that security in the amount of $_____ be posted by the Zohar Funds prior to _____, 2017;

AND IT IS FURTHER ORDERED that personal service of a copy of this order and the papers upon which it is granted made on the defendant or his counsel on or before _____, 2017, shall be deemed good and sufficient service and notice thereof.

Dated: New York, New York
      October \_\_\_, 2017

_____
U.S.D.J.
Parker, K