UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRIARCH PARTNERS AGENCY SERVICES, LLC,

                                  Plaintiff,

                    -against-                                      **ORDER**

ZOHAR CDO 2003-1, LTD. et al.,                        **16-CV-04488 (VM) (KHP)**

                                  Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

      On March 11, 2018, Defendants Zohar III, Corp.; Zohar II 2005-1, Corp.; Zohar CDO 2003-1, Corp.; Zohar III, Limited; Zohar II 2005-1, Limited; and Zohar CDO 2003-1, Limited filed petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 in the United States Bankruptcy Court for the District of Delaware.  (*See* ECF No. 202.) Pursuant to Section 362 of the Bankruptcy Code, the filing of the Chapter 11 Petitions resulted in an automatic stay of this action.  *See* 11 U.S.C. § 362(a).

      On August 2, 2022, a Liquidation Plan went into effect in the Bankruptcy action pursuant to which the Zohar Debtors' Litigation Assets were transferred to two Litigation Trusts that "shall be deemed substituted for the applicable Debtor . . . with respect to any Causes of Action pending before the Bankruptcy Court or any other court."  (*See* ECF No. 220.)

      On August 23, 2022, the parties submitted a status letter informing the Court that the parties conferred regarding the status of this action in light of the Liquidation Plan, but disagree as to the path forward.  Specifically, the Zohar-aligned entities proposed stipulating to, or moving for, dismissal of certain parties, and moving to transfer remaining claims to the

1

bankruptcy court, and Patriarch Partners Agency Services stated that it will respond to the Zohar entities' purported arguments for dismissal and transfer at the appropriate time. Although the parties' status letter appears to contemplate moving forward with this action, neither party stated its position regarding whether the automatic stay should be lifted pursuant to 11 U.S.C. § 362(c)(1).

Accordingly, the Court requests that the parties provide their position on whether the automatic stay should be lifted pursuant to 11 U.S.C. § 362(c)(1) in light of the Liquidation Plan. Submissions are due **Wednesday, September 21, 2022**.

If all parties agree that the stay should be lifted, the parties shall file a joint letter by **Wednesday, September 21, 2022**, stating that position.

SO ORDERED.

Dated: August 24, 2022
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge